Cupp, J.,
concurring in part and dissenting in part.
{¶ 144} I concur in paragraph one of the syllabus and agree that for a party to succeed on a claim of unfair competition based on an opposing party’s filing of a legal action, the party asserting the claim must establish both that the legal action is objectively baseless and that the opposing party had the subjective intent to injury the party’s ability to be competitive. I am unable to agree, however, that the jury’s determination on this claim can be affirmed as a matter of law upon this court’s own review of the record in our application of the correct standard. As explained in Justice Lundberg Stratton’s separate opinion, this *406 cause should be remanded to the trial court for further proceedings on the unfair-competition claim.
Vorys, Sater, Seymour and Pease L.L.P., Michael G. Long, and Kimberly Weber Herlihy; and Jenner & Block L.L.P., David W. DeBruin, Matthew S. Heilman, Lindsay C. Harrison, and Matthew E. Price, for appellant.
Squire, Sanders & Dempsey (US) L.L.P., Alan L. Briggs, Aneca E. Lasley, Christopher F. Haas, Pierre H. Bergeron, and Colter Paulson, for appellees.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and David M. Lieberman, Deputy Solicitor, urging reversal for amicus curiae state of Ohio.
Jones Day, Douglas Cole, and Mathew A. Kairis, and Linda Woggon, urging reversal for amicus curiae Ohio Chamber of Commerce.
Bricker & Eckler and Anne Marie Sferra, urging reversal for amici curiae Ohio Manufacturers’ Association and Ohio Council of Retail Merchants.
Eugene P. Whetzel, urging reversal for amicus curiae Ohio State bar Association.
{¶ 145} I agree with much, but not all, of the legal analysis contained in Justice Pfeifer’s separate opinion regarding the defamation claims. The two allegedly defamatory occurrences specifically at issue gave rise to jury questions as to whether the statements were indeed defamatory, and the jury’s conclusions that they were defamatory are entitled to deference. As the appellate court stated in affirming on the defamation claims, sufficient evidence was presented “upon which the jury could find by clear and convincing evidence that ACS published the statements * * * with actual malice” to overcome any privilege that attached. Am. Chem. Soc. v. Leadscope, 10th Dist. No. 08AP-1026, 2010-Ohio-2725, 2010 WL 2396544, ¶ 61. I would affirm the judgment of the court of appeals as to the defamation issues.
THE APPENDIX TO JUSTICE PFEIFER’S CONCURRING AND DISSENTING OPINION APPEARS ON THE FOLLOWING PAGES.
*407 APPENDIX
[[Image here]]
*408 [[Image here]]
*409 [[Image here]]
*410 [[Image here]]
*411 [[Image here]]
*412 [[Image here]]
*413 [[Image here]]
*414 [[Image here]]
*415 [[Image here]]
*416 [[Image here]]
*417 [[Image here]]
*418 [[Image here]]
*419 [[Image here]]
*420 [[Image here]]
*421 [[Image here]]
*422 [[Image here]]
*423 [[Image here]]